Berry v. McCollough.

Case 38—PETITION EQUITY—April 8.

# Berry v. McCollough.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. ELECTIONS UNDER NEW CONSTITUTION—ELECTION OF CORONER.— Section 148 of the new Constitution, which provides that no county officer "shall be elected in the same year in which members of the House of Reprsentatives of the United States are elected," did not forbid an election in 1892 to fill a vacancy in the office of coroner, although members of the House of Representatives of the United States were then elected. Section 148 of the Constitution, even conceding that it applies to vacancies, can not be given full effect until the elective machinery of the new Constitution shall have been put into full running order, the election of county officers in 1894, expressly provided for by section 99, being in the face of section 148.

2. NOTICE OF ELECTION.—Where the time for holding an election is fixed by the Constitution or by statute, a notice of the election is not essential to its validity.

JOHN ROBERTS FOR APPELLANT.

1. This is not a case to try the right to the office of coroner, but simply a suit to protect the occupant in his possession against an intruder; and the court should try only the question as to whether Berry had ever been the legitimate coroner of Jefferson county, and whether he was holding over, claiming under the legitimate right which he acquired, and whether he was in the actual occupancy of the office, and whether McCullough was disturbing him in that occupancy. (Wayman v. Commonwealth, 14 Bush, 466; 2 High on Injunctions, sec. 1315.)

2. He who is elected to fill a vacancy in an office is as much an officer as he who fills a full term, and when section 148 of the Constitution

provides that no county officer shall be elected in the same year in which members of the House of Representatives of the United States are elected, it means to embrace such officers whether they stand for a full term or a part of a term. Therefore, there could have been no election in November, 1892, for coroner of Jefferson county, and appellee was not elected, and has no right to the office. (New Constitution, secs. 148, 152, 107, 99.)

THOMAS F. HARGIS ON SAME SIDE.

1. The statute requires eight days' notice of a special election to fill a. vacancy in the office of coroner. (Gen. Stats., chap. 33, art. 6, sec. 2, subsec. 4.)

2. Notice of a special election for the length of time required by the statute is necessary to the validity of the election where the law does not fix the day. (McKune v. Weller, 11 Cal., 49; People v. Martin, 12. Cal., 409; Sawyer v. Hayden, 1 Nev., 75; State v. Collins, 2 Nev., 351; Beal v. Ray, 17 Ind., 554; Cooley's Const, Limit., p. 603; McCrary on Elections, sec. 118; Toney v. Harris, 85 Ky., 461, 479.)

3. Section 152 of the Constitution does not fix the day upon which special elections shall be held; it only provides that the day to be fixed for filling a vacancy shall be on one of the several general elections or annual elections that may follow the conditions mentioned in that section.

HARGIS & TURNER, JR., JOHN I. CALLOWAY AND KOHN, BAIRD & SPECKERT OF COUNSEL ON SAME SIDE.

HUMPHREY & DAVIE FOR APPELLEE.

1. Berry's remedy. if any, was not by this proceeding in equity, but by a suit under sections 483 and 487 of the Code, for usurpation of office. (High on Injunctions, sections 1312 to .1315; Tappan v. Gray, 9 Paige, 507; Dechante v. Warner, 20 American Reports, 237.)

2. Section 148 of the new Constitution applies only to elections for the full terms, and not to elections to fill vacancies.

3. As this was a case where the unexpired term did not end at the next succeeding annual election, and where three months intervened before the succeeding annual election, it came within section 152 of the new Constitution, and the election was properly held in November, 1892, at the time when the judges and clerks were elected.

4. The time and place for holding this election being fixed by the Constitution itself, there was no need of any further notice of time and place. (Toney v. Harris, 85 Ky., 475; Cooley's Constitutional Limitations, p. 759; Wheat v. Smith, 51 Arkansas, 266.)

EDWARD J. McDERMOTT OF COUNSEL ON SAME SIDE.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

In August, 1890, one H. C. Miller was elected coroner of Jefferson county for a term of four years. Dying in the early part of March, 1892, on the 18th of that month the appellant Berry was appointed by the Jefferson County Court to fill the vacancy occasioned thereby. At the succeeding November election, 1892, the appellee McCullough, having theretofore defeated appellant and others in a primary election for the Democratic nomination, was elected over his Republican opponent as coroner of the county, and, having obtained the proper certificate to that effect from the examining board, was duly inducted into office and proceeded to discharge his duties. About the close of the primary the appellant Berry, determining that no election for coroner could be held legally in November, announced his intention to hold on under his appointment, and did continue to hold inquests after the election and qualification of McCullough. Alleging that he was in the rightful possession of the office by virtue of his appointment by the county court, and that the defendant McCullough was an intruder therein, whose acts were producing confusion in the office and hindrance to the proper discharge of his duties, he sought by this action in equity to enjoin the defendant from such unlawful interference.

Upon hearing, the motion for the injunction was overruled by the special chancellor; McCullough's answer to the petition was thereafter filed, and a demurrer thereto was overruled. Upon final hearing, on March 10, 1893, the chancellor dismissed the plaint-

iff's petition, and from that judgment he has appealed.

Waiving the preliminary question of the appellant's right to maintain the action, we think it manifest that section 152 of the new Constitution fully authorized the election in November, 1892, to fill the vacancy caused by Miller's death.

That section provides thus : "Except as otherwise provided in this Constitution, vacancies in all elective offices shall be filled by election or appointment, as follows : If the unexpired term will end at the next succeeding annual election at which either city, town, county, district or State officers are to be elected, the office shall be filled by appointment for the remainder of the term. If the unexpired term will not end at the next succeeding annual election at which either city, town, county, district or State officers are to be elected, and if three months intervene before said succeeding annual election at which either city, town, county, district or State officers are to be elected, the office shall be filled by appointment until said election, and then said vacancy shall be filled by election for the remainder of the term   *   *."

In this case, the death of Miller, and the appointment of his successor, occurred more than three months prior to the next succeeding regular election, namely : November 8, 1892, at which county officers, to wit, circuit court clerk and sheriff, were elected under the express provisions of the Constitution. The term of the deceased coroner did not expire at that time, and hence it was proper that said vacancy should be filled by election for the remainder of the term.

It is true that a coroner was not then to be elected, but sheriffs and circuit court clerks were, and these are of one and the same class.

But the appellant contends that under section 148 of the Constitution "no officer of any city, town or county, or of any subdivision thereof, except members of municipal legislative boards, shall be elected in the same year in which members of the House of Representatives of the United States are elected."

The learned chancellors below were of opinion that section 148 had reference alone to elections for full terms. And such seems quite probable; but whether it does or not, the Constitution transferred the time of holding the regular August election, 1892, to November of that year, and provided for a regular election of county and district officers at that time, and that was the next succeeding annual election provided for under the Constitution after the vacancy in question occurred. This was in spite of the inhibition of section 148, and so will the elections of county officers in 1894 be in the face of this inhibitory section. After the election machinery of the new Constitution shall have been put into full running order, the elections for county officers may not be held in years "in which members of the House of Representatives of the United States are elected."

The confusion in this case, we think, arises from an attempt to look at the question from a standpoint in advance of the present—to imagine ourselves as holding elections under the Constitution as it will hereafter operate, and not as it now plainly provides. The contention of the appellant would stretch the appointive

term very far beyond what was ever intended or provided for under either the old or the new Constitution.

It is contended, however, that the election of the appellee was invalid because of want of proper notice. Only three days' notice, instead of eight as required by law, was given, and the case of Toney v. Harris, 85 Ky., 475, is cited as authority in support of this view. But that was a case in which the court expressly decided that "neither by the Constitution nor statute is the first Monday in August prescribed as the day in course" for holding the election in question; and further, it was said: "To make the election of an officer of government legal, there must be a time fixed for holding such election either *by law* or by the officer empowered by law to do so." If, therefore, we are right in determining that the time of holding the election to fill the vacancy now in question was fixed by the Constitution, the case cited is authority in support of the validity of the election, and such is the well recognized rule in most of the States. Mr. Cooley thus sums up the true doctrine: "Where, however, both the time and the place of an election are prescribed by law, every voter has a right to take notice of the law, and to deposit his ballot at the time and place appointed, notwithstanding the officer, whose duty it is to give notice of the election, has failed in that duty. The notice to be thus given is only additional to that which the statute itself gives, and is prescribed for the purpose of greater publicity, but the right to hold the election comes from the statute, and not from the official notice. It has, therefore, been frequently held that when a **vacancy**

exists in an office which the law requires shall be filled at the next general election, the time and place of which are fixed, and that notice of the general election shall also specify the vacancy to be filled, an election at that time and place to fill the vacancy will be valid, notwithstanding the notice is not given." (Cooley's Com. Lim., 6th ed., page 759.)

Nor was there any lack of actual notice in the present instance. The participation of the electors in the election was quite general, and the interest manifested was widespread.

The election to fill the vacancy having been properly held at the regular November election, and the appellee having been duly elected, the appellant's petition was properly dismissed, and the judgment is affirmed.