CASE 10—PETITION ORDINARY—MARCH 20.

## Sterritt v. McAdams.

APPEAL FROM HANCOCK CIRCUIT COURT.

1. CIRCUIT CLERK—WRIT OF ELECTION TO FILL VACANCY.—Section 1528 of the Kentucky Statutes, in so far as it applies to the issuing by a circuit judge of a writ of proclamation for an election to fill a vacancy in the office of circuit clerk, is only directory, and it is not essential to the validity of such an election that such a writ should be issued.

2. In case of such vacancy the Constitution, in express terms, fixes the time for holding the election. and it will be presumed that the voters knew of the death of the incumbent, and that an election must follow. But in cases where the time and place for holding the election must be designated by the one authorized to call it, the rule would be different.

Sterritt v. McAdams.

SWEENEY, ELLIS & SWEENEY for appellant.

1. When a power is given by statute to public officers, and the public interests and individual rights call for its exercise, though merely permissive in form, it is in effect mandatory. (Bowen v. City of Minneapolis, 47 Minn., 115; Supervisors v. United States, 4 Wall., 419.)

2. In States having constitutions like our own providing that no special law shall be enacted where a general law can be made applicable, it has been held that all statutes of a general nature are mandatory and must be so construed. (State v. Ellet, 47 Ohio St.)

3. The mode of getting rid of a statutory provision by calling it directory is not only unsatisfactory on account of the vagueness of the rule, but it is the exercise of a dispensing power by the courts which approaches so near to legislative discretion that it should be resorted to with reluctance. (Koch v. Bridges, 45 Miss., 258.)

4. Where a vacancy is to be filled, and there is a failure to give notice, the election is void. (6 Am. & Eng. Enc., pp. 293 to 379, and cases there cited.

GEO. W. JOLLY, W. S. MORRISON, E. C. VANCE, and HORACE JOLLY for appellee.

1. When a vacancy exists in an office which the law requires shall be filled at the next general election, the time and place of which are fixed, and that notice of the general election shall specify the vacancy to be filled, an election at that time and place to fill the vacancy is valid, notwithstanding the notice is not given. (Berry v. McCullough, 94 Ky., 247; Cooley's Const. Lim., 758-9; Shelley v. McCullough, 15 Ky. Law Rep., 53; Trustees of Augusta v. Maysville, &c., R. Co., 30 S. W. Rep., 1; Toney v. Harris, 85 Ky., 475; Doores v. Varnon, 22 S. W. Rep., 853.)

2. The voice of the people is not to be rejected for a defect, or even want of notice, if they have in fact been called upon and have spoken. (Deshon v. Smith, 10 Ia., 212; People v. Cowles, 13 N. Y., 339; State v. Jones, 19 Ind., 356; Speed v. Hartwell, 12 Mich., 508; Chicago v. People, 80 Ill., 496; LaFayette v. State, 69 Ind., 218; People v. Wetherill, 14 Mich., 48; Commonwealth v. Smith, 132 Mass., 289; People v. President, &c., 30 N. Y., 265; People v. School Dist., 102 Cal., 184; State v. Carroll, 17 R. I., 591; Adams v. Sec. of State, 84 Mich., 420; Wheat v. Smith, 50 Ark., 266.)

3. If a statute simply provides that certain things shall be done with-

Sterritt v. McAdams.

in a particular time, or in a particular manner, and does not de-
clare that their performance shall be essential to the validity of
an election, they will be regarded as mandatory if they affect
the merits of the election, and only directory if they do not.
(Parvin v. Wineberg, 130 Ind., 561; McCreary on Elections, sec.
190; Barnes v. Board, 51 Miss., 305; Wheelock's Case, 82 Pa. St.,
297; Ledbetter v. Hall, 62 Mo., 422; West v. Ross, 53 Mo., 350;
Jones v. State, 1 Kan., 273; Gilleland v. Schuyler, 9 Kan., 569.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

In November, 1895, at a regular election, as provided by
the Constitution, the appellee, Charles McAdams, was elect-
ed to fill the unexpired term of the office of circuit court
clerk of Hancock county, made vacant by the death of R. L.
Chambers, who had been elected in November, 1892.

Chambers died on the 19th of November, 1894, leaving
three years or more of the term of office to be filled. A
part of the term was filled by an appointment by the circuit
judge until the regular election, which took place in Novem-
ber, 1895. There were three candidates for the vacancy—
Sterrett, the appellant, who had been appointed, Charles C.
McAdams and John Owens—all of whom were voted for at
the polls, McAdams receiving 767 votes; Will L. Sterrett,
632 votes; and John Owens 229 votes. The regularly con-
stituted board canvassed the returns, and gave to the ap-
pellee, McAdams, a certificate of his election. He executed
bond, took the oath of office, and demanded of the appellant,
Sterrett, the custody of the books, records and papers of the
office, and his demand was refused on the ground that no
proclamation had been issued, or an election called by the
circuit judge of that county to fill the vacancy. This is the
only question involved on the appeal.

It appears that fully ninety per cent. of the voters cast
their votes at the election, and that it was conducted in

every respect as required by law, with the exception that no writ of election had been issued.

Section 1528 of the Kentucky Statutes provides that "a vacancy in the office of Commonwealth's attorney or circuit court clerk shall, in like manner, be temporarily filled for the same time by the circuit judge of the district, who shall also issue his writ of proclamation for an election to fill the remaining vacancies."

The circuit judge had the power to make the appointment, as is conceded, until the regular election in November, 1895, and his power of appointment then ceased, or the appointee's right to continue in office then ended; so if a failure to issue the writ of election renders the election void, there was no clerk for the county after November, 1895, or if the failure to call an election authorized the appointee to continue the discharge of his duties, it would result that the action of the judge would deprive the voters of their right to fill the vacancy and vest in the judge the power to fill the vacancy for the whole of the unexpired term.

It is insisted by counsel there is a difference between a regular election to fill the whole term and a special election to fill the vacancy. In the first instance the voters must take notice of the time for holding the election as fixed by the Constitution, but in the second a notice is required, that the voters may know there is a vacancy to be filled and an election to be held. Where there is a vacancy in a case like this the Constitution in express terms fixes the time for holding the election; and, as to the notice of the vacancy, it appears that there was an appointee until this regular election, and it must be presumed the voters knew of the death of Chambers, and that an election must follow; but whether they were informed as to the time for holding the election or not, it is admitted the appellant was elected to fill a va-

cancy, having more than three years to run from the death of Chambers; that an election was held at the time and places required by law to fill the vacancy; that the appellee was qualified for the position, and received the highest number of the votes cast, after the candidate of each party had been selected in a primary election, and voted for at the regular election, and, with these facts conceded, the election must be held valid.

The failure of the circuit judge to issue his proclamation, when the law fixed the time for holding it, does not make the election void.  It is merely directory in this class of cases and not essential to the validity of the election, and such should be the construction, for if otherwise the county would be without a clerk, as the power to appoint had already been exhausted, and the time for holding under the appointment expired.

In cases where the time and place for holding an election must be designated by the one authorized to call it, the rule would be different; but here there was a free and full vote at a time fixed by law, and no other time could have been designated by the circuit judge, and to say that his failure to issue the writ is to defeat the right of the appellee to his office would be sacrificing substance to form, and work an injustice to the appellee and those who sought by their votes to give him the office.

This question was in effect decided by this court in the case of Berry v. McCullough, 94 Ky., 247, and Shelley v. McCulloch, 17 Ky. Law Rep., 53, holding the election valid.

Judgment affirmed.