[L. A. No. 1389.   Department Two.—December 26, 1903.]

E R. SANCHEZ, Respondent, v. EUGENE FORDYCE, and THOMAS RUIZ, Appellants.

ELECTION OF CONSTABLES—COUNTY GOVERNMENT ACT—CONSTITUTIONAL LAW.—The County Government Act of 1901, providing that "in townships having a population of less than six thousand there shall be but one justice of the peace and one constable," is constitutional. The amended sections of the act were republished as amended, and this was a compliance with section 24 of article IV of the constitution; and the act is general and uniform in its provisions, under section 5 of article II of the constitution.

ID.—VALIDITY OF ELECTION—IMPROPER PROCLAMATION—IMPROPER BALLOTS.—The election for one constable is valid in a township of less than six thousand, notwithstanding the proclamation of the board of supervisors improperly called for the election of two constables. The statute gave notice of the time and place of the election; and notwithstanding only a small portion of the voters voted for only one constable, the court properly rejected all ballots containing the names of two constables in such township.

---
[1] 96 Am. St. Rep. 115, and note.

APPEAL from a judgment of the Superior Court of Ventura County. D. K. Trask, Judge presiding.

The facts are stated in the opinion.

W. E. Shepherd, H. L. Poplin, and Blackstock & Orr, for Appellants.

M. J. Rogers, and Thomas O. Toland, for Respondent.

COOPER, C.—Election contest. Prior to the general election held in November, 1902, the Democratic and Republican parties each nominated two candidates for the office of constable of Ventura Township in Ventura County, and the board of supervisors issued an election proclamation calling for the election of two constables for said township.

Respondent was nominated by petition. In the contest the ballots were recounted, and the court found that respondent received the greatest number of legal votes, and judgment was accordingly entered in his favor. The court refused to count any ballot cast on which more than one person's name appeared for the said office of constable.

Appellants state that the record presents two questions of law which they ask to have decided,—1. Was the township entitled to elect two constables? and 2. If the township was not entitled to two constables, was there any valid election? It is provided in the County Government Act of 1901 (sec. 56, Stats. 1901, p. 686) that "in townships having a population less than six thousand there shall be but one justice of the peace and one constable."

The undisputed evidence shows that Ventura Township contained at the time of said election less than four thousand population. Appellants do not controvert the fact that the County Government Act, if valid, gives only one constable to said township, but they claim that the said act is void because it was amendatory of the act of 1897 and was not republished as amended. The amended sections of the act were republished as amended, and this was a compliance with section 24 of article IV of the constitution. The act was held constitutional in the late case of *Beach* v. *Von Detten,* 139 Cal. 462, followed in *Rea* v. *Von Detten* (73 Pac. 1131), and

*Davidson* v. *Von Detten,* 139 Cal. 467. We see no reason to
depart from the rule there laid down, nor to repeat the rea-
sons as therein stated. The additional point is here made
that, as section 5 of article XI of the constitution authorizes
the legislature to "regulate the compensation of all such
officers [county officers] in proportion to duties, and for this
purpose may classify the counties by population," therefore
it cannot directly or indirectly classify the counties for any
other purpose than the one purpose of regulating the com-
pensation of county officers. We agree with appellants' coun-
sel that under this provision of the constitution the legislature
can classify counties but for the one purpose of regulating
the compensation of county officers. It has been so held by
this court. (*Pratt* v. *Browne,* 135 Cal. 650.) It cannot
classify townships for the purpose of regulating compensa-
tion. But the said section of article XI expressly confers
upon the legislature the power, by general and uniform laws,
to provide for the election or appointment of such township
officers as convenience may require. It has, by section 56 of
the County Government Act, done this very thing. It has
said that in all townships of the state having a population of
less than six thousand, only one constable shall be elected. It
has thus determined that public convenience does not require
more than one constable for a township having less than six
thousand population. This determination was a matter of
legislative discretion. It has nothing to do with the compen-
sation of constables. It is not a classification of townships
for the purpose of regulating the compensation of constables,
but a mere provision as to the number of township officers of
a certain kind. It is general and uniform, because it applies
equally to every township in the state. It is founded upon a
reason which might rationally be held to justify the pro-
vision. It was said in *McDonald* v. *Canniff,* 99 Cal. 391:
"It is not necessary that a law shall affect all the people of
the state in order that it may be general, or that a statute
concerning procedure shall be applicable to every action that
may be brought in the courts of the state. A statute which
affects all the individuals of a class is a general law, while one
which relates to particular persons or things of a class is
special. A statute regulating the rights of married women,

or which affects all mining corporations, or confers rights upon a municipal corporation of a certain class, or places restrictions upon all foreign corporations, is a general law.'' In *People* v. *Lodi High School District,* 124 Cal. 699, it was held that an act authorizing school districts having a population of one thousand or more to establish and maintain a high school in such district was constitutional and not special legislation. It was there said: ''The law is general in its operation, for it applies alike to all cities, incorporated towns, and school districts having a population of one thousand inhabitants or more, and it is general in its purpose, for it gives to all inhabitants of the state similarly situated equal opportunity to avail themselves of the benefits to be derived from these schools.'' It is said that there is no reason why a township containing a population of five thousand nine hundred and ninety-nine shall be entitled to only one constable, while a township containing six thousand is entitled to two. If we were to adopt the above rule, we would destroy the power of the legislature to classify counties, the power to classify school districts in proportion to population for the purpose of assigning teachers, and the power to make many other provisions which the public convenience may require. The legislature has provided for several classes of cities according to population, and not for the purpose of regulating the compensation of the officers thereof, and the power to so classify has never been questioned. It is not easy to determine the exact instant of time when the day ceases and night begins, but for this reason laws are not declared void which prescribe a different penalty for crimes committed in the nighttime from those committed in the daytime.

As to the second proposition, the election was valid, notwithstanding the proclamation of the board of supervisors called for the election of two constables. The statutes gave notice of the time and place of election and the officer to be elected. (Pol. Code, sec. 1041; County Government Act, secs. 56, 58.) It is said in Cooley on Constitutional Limitations (6th ed., p. 759): ''When both the time and place of an election are prescribed by law, every voter has a right to take notice of the law, and to deposit his ballot at the time and place appointed, notwithstanding the officer, whose duty it is

to give notice of the election, has failed in that duty.  The
notice to be thus given is only additional to that which the
statute gives, and is prescribed for the purpose of greater
publicity; but the right to hold the election comes from the
statute, and not from the official notice.  It has, therefore,
been frequently held that when a vacancy exists in an office
which the law requires shall be filled at the next general
election, the time and place of which are fixed, and that notice
of the general election shall also specify the vacancy to be
filled, an election at that time and place to fill the vacancy
will be valid, notwithstanding the notice is not given; and
such election cannot be defeated by showing that a small por-
tion only of the electors were actually aware of the vacancy,
or cast their votes to fill it.'' (See, also, Paine on Elections,
sec. 384; *People* v. *Brenham,* 3 Cal. 487; *Carson* v. *McPhet-*
*ridge,* 15 Ind. 327; *Dickey* v. *Hurlburt,* 5 Cal. 344; *State*
v. *Jones,* 19 Ind. 356;[1] *Jones* v. *Gridley,* 20 Kan. 584; *Berry*
v *McCollough,* 94 Ky. 247; *People* v. *Cowles,* 13 N. Y. 356.)
It was said in *People* v. *Brenham,* 3 Cal. 487: ''The time and
place of the election being fixed by law, it may have been the
duty of the common council to give notice thereof; and
should they fail to do so, or to perform any other duty re-
quired, prior to the election, a writ of *mandamus* might issue
from the courts commanding them to discharge their duty;
but this would not afford immediate relief; and it ought not
to be in the power of incumbents in office to prevent the elec-
tion of their successors, at the time and place prescribed by
law, by neglect on their part.''

We therefore conclude that the law required only one con-
stable to be elected in the township, and that the election was
valid.  It is advised that the judgment be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judg-
ment is affirmed.

                    McFarland, J., Lorigan, J., Henshaw, J.

[1] 81 Am. Dec. 403.