[Civ. No. 931.  First Appellate District.—December 24, 1910.]

WILLIAM GRAY, Petitioner, v. JOHN F. MULLINS et al., as Supervisors of Alameda County, Respondents.

MANDAMUS—PREROGATIVE WRIT—RIGHT TO RELIEF—DUTY TO PERFORM ACT REQUIRED.—The writ of mandate is a prerogative writ, and in order to entitle the petitioner to such writ, it must plainly appear that he is entitled to the relief demanded, and that it is the duty of the inferior board, tribunal or person to perform the act which it is claimed that the same refuses to perform.

ID.—ELECTION OF ONE JUSTICE OF THE PEACE—CERTIFICATE TO MINORITY CANDIDATE NOT COMPELLED — RIGHT TO TWO JUSTICES — FILLING VACANCY.—A petition for a writ of mandate will not lie to compel an election certificate to issue to a minority candidate for justice of the peace, where it plainly appears that but one justice of the peace was voted for, and one elected, even if the township should be determined as matter of law to be entitled to two justices of the peace. In such case, if a vacancy exists, the usual procedure would be for the supervisors to fill it by appointment.

ID.—INSUFFICIENT PETITION TO APPELLATE COURT — APPLICATION TO
LOWER COURT NOT SHOWN—EXIGENCY NOT SHOWN UNDER RULE.—
A petition to this court is insufficient to justify a writ of mandate
to a county board of supervisors to compel a certificate of election
to a township officer, when it nowhere appears in the petition that
any application has been made to the lower court for such writ, nor
are there any circumstances set forth which would render it proper
that the writ should issue originally from this court, as required by
Rule 26 governing such petitions.

APPLICATION for writ of *mandamus* to the Board of
Supervisors of Alameda County.

The facts are stated in the opinion of the court.

Austin Lewis, R. M. Royce, and Walker & Moreland, for
Petitioner.

THE COURT. (Per COOPER, P. J.)—This is an application for a writ of *mandamus* to compel the respondents, constituting the board of supervisors of the county of Alameda,
to issue to the petitioner a certificate of election, it being
claimed that he was duly elected a justice of the peace of the
township of Oakland, county of Alameda, at the general election held on the eighth day of November, 1910.

It is hardly necessary to repeat what we have many times
said, that the writ of mandate is a prerogative writ, and in
order to entitle the petitioner to such writ it must plainly appear that he is entitled to the relief demanded, and that it is
the duty of the inferior board, tribunal or person to perform
the act which it is claimed such tribunal, board or person
refuses to perform.

In the petition in this case it is stated that at the general
election held on the eighth day of November, 1910, one James
G. Quinn was a candidate for the office of justice of the peace
of the said township, and that petitioner was also a candidate
for justice of the peace of said township; that Quinn received
15,377 votes, and petitioner received 2,858 votes.

It is claimed that the township was entitled as a matter of
law to two justices of the peace, and that petitioner, having
received the second highest number of votes, was entitled to the
office of justice of the peace, being one of said two justices.

It is not alleged nor shown in the petition that an election was held for the purpose of electing two justices, but, on the other hand, it plainly appears that there was only one justice of the peace voted for, and that the two candidates—Quinn and petitioner—were each candidates for the one office of justice of the peace.

It does not appear to us that even conceding, as a matter of law, that the township was entitled to two justices of the peace, that where only one justice was on the ticket and one justice voted for, the two persons receiving the highest number of votes would, as matter of law, constitute two justices. No authority is cited to us in support of such proposition. Of course, the usual way would be, where there was only one justice of the peace elected, if it were determined that the township were entitled to one more, for the board of supervisors to appoint a justice of the peace to fill the vacancy. We only refer to this without deciding the question; but it is sufficient for this application to state that it nowhere appears in the petition that any application has been heretofore made to the lower court for this writ; nor are there any circumstances set forth which in the opinion of the applicant render it proper that the writ should issue originally from this court. Such fact is required to be stated in the petition. (See Rule 26, [144 Cal. 1, 78 Pac. xi], of Rules governing the supreme court and appellate court.)

The writ is therefore denied.