[Civ. No. 1040. Second Appellate District.—March 4, 1912.]

## H. M. PAYNE, Appellant, v. P. H. MURPHY, Respondent.

POWER OF LEGISLATURE TO CLASSIFY COUNTIES—LIMITED PURPOSE.—The power conferred upon the legislature by section 5 of article XI of the state constitution to classify counties by population is held to be a power to be exercised for the limited purpose of enabling the compensation of the various officers to be fixed and adjusted.

ID.—CLASS OF SINGLE COUNTY—AMENDMENT OF CODE—CREATION OF COUNTY OFFICE OF STENOGRAPHER—PROVISO—VOID SPECIAL AND LOCAL LEGISLATION.—The amendment of 1911 to section 4256 of the Political Code, relative to the compensation of officers in counties of the twenty-seventh class, which comprises the county of

San Luis Obispo alone, adding a special proviso to section 13 thereof, fixing the compensation of justices of the peace, that in counties of this class a stenographer shall be appointed by the judge of the superior court, with the duties to report the proceedings at preliminary examinations and coroner's inquests, at a salary of $100 per month, to be paid out of the county treasury, in the same manner and at the same time as other salaries are paid, is not only out of place, as such proviso, but is also unconstitutional and void, as creating a special and local county office, and prescribing the special and local powers and duties of an officer, in violation of subdivision 28 of article IV of the state constitution.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. Robert M. Clarke, Judge Presiding.

The facts are stated in the opinion of the court.

C. P. Kaetzel, for Appellant.

Albert Nelson, S. V. Wright, L. A. Enos, Carpenter & Gibbons, and Lamy & Putnam, for Respondent.

JAMES, J.—In the year 1911 the legislature enacted certain amendments to section 4256 of the Political Code relating to the compensation of officers in counties of the twenty-seventh class. San Luis Obispo was the only county in the state affected by that legislation. Subdivision 13 of the section mentioned was amended to read as follows:

"Justices of the peace, such fees as are now or may be hereafter allowed by law; *provided, however,* that in counties of this class a stenographer shall be appointed by the judge of the superior court in and for such counties, to hold office at the pleasure of said judge, whose duty it shall be to report and transcribe the testimony and proceedings in all preliminary examinations in all of the justices' courts in and for each and every township in said counties, as provided by section 869 of the Penal Code; and whose further duty it shall be to report the testimony and proceedings in all inquests held by the coroner and transcribe the same into longhand and file a certified copy thereof with the county clerk. Such stenographer shall receive as compensation for his services the sum of $100 per month to be paid in the same manner and at the same time as the salaries of other officers are paid;

and for all transcripts made as required herein he shall receive the same fees now allowed to phonographic reporters by section 274 of the Code of Civil Procedure; he shall also be allowed his necessary traveling expenses while engaged in the performance of his duties.'' (Stats. 1911, p. 1165.)

The provisions of this subdivision, wherein it was provided that a stenographer should be appointed by the judge of the superior court, were added by the amendment. Acting under the authority assumed to be given by the amendment, on the 13th of May, 1911, the superior judge of the county of San Luis Obispo appointed appellant herein as stenographer to fill the office so created. Under this appointment, the stenographer proceeded to perform the duties of his office until the sixth day of June, 1911, when he demanded that the auditor deliver to him a warrant for the sum of $58 in payment of his salary for that portion of the preceding month during which he had served. The auditor refused to draw such warrant, and this proceeding of *mandamus* was brought to compel that officer to comply with the demand of petitioner. A demurrer to the petition was thereafter sustained, without leave to amend, and judgment followed in favor of respondent, from which an appeal has been taken.

The contention of respondent is that the act in question is special in its nature and violative of the prohibition of the constitution in that regard. It seems to be conceded by all parties that the power of the legislature to classify counties by population is a power to be exercised for the limited purpose of enabling the compensation of the various officers to be fixed and adjusted. The constitution, in section 5 of article XI, seems to make that proposition very clear, and our supreme court has so held in a number of cases, of which we cite: *Pratt* v. *Browne*, 135 Cal. 649, [67 Pac. 1082]; *Sanchez* v. *Fordyce*, 141 Cal. 427, [75 Pac. 56]. If the effect of the amendment referred to was to create an office, which office is made one special to counties of the twenty-seventh class alone, then the objection of respondent that such legislation is unconstitutional must be sustained. We think, that no other construction can be given to the language used by the legislature. The stenographer was one to be appointed by the judge of the superior court, and he was to ''hold office at the pleasure of said judge,'' and ''receive as compensation for

his services the sum of $100 per month, to be paid in the same manner and at the same time as the salaries of other officers are paid.'' It cannot be said that the intent was merely to provide assistants to the justices of the peace, and so affect the matter of their compensation, which would be a proper subject for special act applying alike to all counties of the same class. The justices of the peace had been already by general law given authority to employ a reporter to report proceedings had at preliminary examinations of persons charged with crime and to fix his compensation, which when so fixed became a county charge. (Pen. Code, sec. 869.) It is true that one of the duties of the stenographer was to report testimony and proceedings at coroner's inquests, and that this was a duty which had theretofore been imposed upon the coroner and for which he was required to pay out of the inquest fee allowed him. To this extent it may be said that the compensation of the coroner was affected by the amendment, but the subject matter of the amendment taken as a whole indicates very clearly that it was the design to create an office. The superior judge of the county is called upon to make the appointment, and not the officer under whom the stenographer is required to render service, and the term of office is provided to be during the pleasure of the appointing power, and a salary is affixed which is to be paid in the same manner as the salaries of other county officers are paid. The amendment seems to have had no proper place under a subdivision treating alone of fees to be paid to justices of the peace. Subdivision 28 of section 25 of article IV of the constitution of the state provides that the legislature shall not pass local or special laws creating offices or prescribing the powers and duties of officers in counties. We are of opinion that the amendment under consideration is properly subject to the objection made by respondent, in that it creates an office by special law not authorized under the constitution.

The judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 3, 1912.