[Civ. No. 958.  First Appellate District.—May 20, 1912.]

WM. H. ALMON, Petitioner-Appellant, v. P. H. McEVOY, JAMES T. CASEY, JOS. FRANCIS, D. E. BLACKMANN and J. H. COLEMAN, as Members of the Board of Supervisors of San Mateo County, Respondents.

ELECTIONS—JUSTICES OF THE PEACE—RIGHT OF TOWNSHIP TO TWO JUSTICES—ELECTION OF ONE—MINORITY CANDIDATE NOT ENTITLED TO MANDAMUS FOR CERTIFICATE.—Although a township, at the time of the election of one justice of the peace, was entitled to two justices of the peace, yet where it appears that the election was held for only one justice of the peace, and that the voters cast their ballots for only one candidate each, the minority candidate is not entitled to a writ of mandate to compel the board of supervisors of the county to issue to him a certificate of election, as a second

justice of the peace of the township. In such case, there was a failure to choose the second justice.

ID.—RIGHT OF VOTERS TO ELECT TWO JUSTICES REGARDLESS OF PROCLAMATION—STATUTORY NOTICE.—If the electors of the township had in fact voted for two justices of the peace at the election in question, two should have been declared elected, even though the proclamation of the board of supervisors called for the election of but one. In such case, the statute gives notice of the time and place of the election and the officers to be elected, and the voters have a right to take notice of the law, and deposit their ballots at the time and place prescribed, notwithstanding that the officer whose duty it was to give notice of the election fails in that duty.

APPEAL from a judgment of the Superior Court of San Mateo County dismissing a petition for a writ of mandate. M. T. Dooling, Judge Presiding.

The facts are stated in the opinion of the court.

J. L. & P. B. Nagle, for Appellant.

Franklin Swart, District Attorney, for Respondents.

KERRIGAN, J.—This is an appeal from a judgment dismissing a petition for a writ of mandate to compel respondents, as members of the board of supervisors, to issue a certificate of election to the petitioner, who claims that he was elected to the office of justice of the peace of township number 1 of San Mateo county.

The petition alleges facts which show that township No. 1 of San Mateo county was, prior to the amendment of 1911 to section 4014 of the Political Code, [Stats. 1911, p. 12], entitled to two justices of the peace. It also states that at an election held in November, 1910, the petitioner was a candidate for that office, and received next to the highest vote therefor. It further sets forth that respondents, contrary to the rights of the petitioner, refused to declare him elected; consequently he prays for a writ of mandate to compel them to do so.

To this petition respondents demurred, and the trial court sustained the demurrer, and judgment was entered dismissing the petition and awarding respondents their costs. The appeal is from such judgment.

If the electors of township No. 1 had voted for two justices of the peace at the election in November, 1910, doubtless two should have been declared elected, even if the proclamation of the board of supervisors called for the election of but one. In such a case, say the authorities, the statute gives notice of the time and place of election, and the officers to be elected, and the voters have a right to take notice of the law and deposit their ballots at the time and place prescribed, notwithstanding that the officer, whose duty it was to give the notice of the election, fails in that duty. (*People* v. *Brenham,* 3 Cal. 487; *Sanchez* v. *Fordyce,* 141 Cal. 430, [75 Pac. 56]; Cooley on Constitutional Limitations, 6th ed., 759.)

Here it not only appears that the election was held for the purpose of electing only one justice of the peace, but also that only one in fact was voted for. Apparently the election for the office of justice of the peace in said township was a contest between the petitioner and another candidate for but one place; under which circumstance, of course, it cannot be held that the petitioner, having received a less number of votes than his opponent, is entitled to the relief demanded. (*Gray* v. *Mullins,* 15 Cal. App. 118, [113 Pac. 694]; *People etc.* v. *Board of Canvassers of Kent Co.,* 11 Mich. 111.) While what was said in the first of these cases in line with the position here adopted was unnecessary for a decision therein, still we think it was sound, and we now approve it. In the other case, under a law authorizing the election of two commissioners, an election was held and conducted in all respects as if only one was to be chosen, and each elector voted for but one of two opposing candidates. In that case it was held that only the one receiving the highest number of votes was elected, and that as to the other office of commissioner there was a failure to choose, the court observing: "The ballots show that in no single instance did any person vote for more than one candidate. This being the case, it would be absurd to assume that an election was held to fill more than one office."

The judgment is affirmed.

Hall, J., and Lennon, P. J., concurred.