## McCreary, Governor v. Williams.

### (Decided March 20, 1913.)

### Appeal from Franklin Circuit Court.

1. Judges—County Judge—Vacancies—Elections.—The legislative act of 1912, which became a law June 12, 1912, creating the County of McCreary, provided for the appointment by the Governor of all officers provided for a county by the constitution and laws of this State. A vacancy existed in the office of county judge of said county upon the effective date of said act, and, under section 152 of the constitution appointments to fill said vacancy could be made only until the next regular election occurring more than three months after the effective date of said act, at which city, town, county or State officers were to be elected, viz: the November 1912 election.

2. Officers—Presidential Electors.—Presidential electors are State officers.

3. Mandamus—Officers—Election.—In issuing a commission to officers elect, the Governor acts in a ministerial capacity. He can, by mandamus, be compelled to issue a commission to one, presenting to him a certificate of the canvassing board showing the receipt by him of the highest number of votes for an elective office, unless the election is void, which fact is not to be determined by the Governor but in a contest of the election as provided by law.

4. Election—Notice.—The time of holding elections being fixed by law, no writ of election is necessary.

JAMES GARNETT, Attorney General, M. M. LOGAN, Assistant Attorney General, L. G. CAMPBELL and W. R. CRESS & SON for appellant.

DENTON & FLIPPIN for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Section 5 of the legislative act of 1912, creating the County of McCreary, provides:

"It shall be the duty of the Governor to appoint from the eligible citizens of said county, all of the officers provided for a county by the constitution and laws of this State. * * * Such officers shall be required to give bond as is required of similar officers under the constitution and laws of this State, and they shall hold office

until the next regular county election and until their successors are elected and qualified."

Under this authority, the Governor, on June 12, 1912, when the act became a law, appointed J. C. Goode to the office of County Judge; he accepted the appointment, qualified, and entered upon the discharge of his duties. In October, 1912, he resigned and one Henry Jones was appointed in his stead and still holds the office.

On January 4, 1913, J. E. Williams filed suit in the Franklin Circuit Court, in which he sought, by mandamus, to compel the Governor to issue to him a commission as judge of McCreary County. In his petition he alleged facts showing that he was legally qualified to hold the office of county judge; the creation of the county by legislative act was set out at length. The vacancy in the office of county judge on June 12, 1912, when the act became a law, was set out, and plaintiff alleged that it was required to be filled by election at the regular November election in 1912; that he procured the Republican nomination for said office and caused this fact to be certified to the county court clerk of McCreary County, within the time prescribed by law; that the clerk caused his name to be printed on the official ballot used at said election under the Republican emblem; that there were two other candidates for said office at said election; that one of them received 84 votes, the other 305 votes, while he received 525 votes, making a total of 914 votes cast for judge, out of a total of 1,261 cast at said election for Presidential electors; that, prior to said election, he made an active canvass for said office and that his candidacy was well known; that after said election, at the time required by law, the board of election commissioners for said county met at the then seat of government and canvassed the returns of said election, and having done so, issued a certificate in triplicate showing the election of plaintiff to the office of county judge; that one copy of said certificate was delivered to the plaintiff, one lodged in the county court clerk's office, and one forwarded to the Secretary of State at Frankfort; that, notwithstanding his election to said office, the Governor refused to issue to him his commission and he was on that account deprived and kept out of his office. He prayed for a writ of mandamus requiring the Governor to issue said commission.

The defendant demurred to the petition. Pending a decision thereon, the following agreed stipulation of

facts was filed, with the understanding that, on the pleadings and this stipulation, the case should be submitted:

"It is agreed that at the time the bill creating McCreary County went into effect, J. C. Goode, was by the Governor of Kentucky, appointed as County Judge of McCreary County, and said Goode held said office until within three months before the regular election 1912, and then resigned as said County Judge of McCreary County, and thereupon and within three months before said November election, 1912, the said defendant as Governor of the Commonwealth of Kentucky, appointed one Henry Jones, to said office of County Judge of McCreary County, who executed bond and took the oath as required by law, and is now the acting County Judge of said McCreary County."

Thereupon, the court entered judgment for plaintiff. The defendant appeals.

Section 102 of the constitution provides:

"When a new county shall be created, officers for the same, to serve until the next regular election, shall be elected or appointed in such way and at such times as the General Assembly may prescribe."

And section 152 provides:

"Except as otherwise provided in this constitution, vacancies in all elective offices shall be filled by election or appointment, as follows: If the unexpired term will end at the next succeeding annual election at which either city, town, county, district or State officers are to be elected, the office shall be filled by appointment for the remainder of the term. If the unexpired term will not end at the next succeeding annual election at which either city, town, county, district or State officers are to be elected, and if three months intervene before said succeeding annual election at which either city, town, county, district or State officers are to be elected, the office shall be filled by appointment until said election, and then said vacancies shall be filled by election for the remainder of the term. If three months do not intervene between the happening of said vacancy and the next succeeding election at which city, town, county, district or State officers are to be elected, the office shall be filled by appointment until the second succeeding annual election at which city, town, county, district or State officers are to be elected; and then, if any part of the term remains unexpired, the office shall be filled by election un-

til the regular time for the election of officers to fill said
offices. Vacancies in all offices for the State at large, or
for districts larger than a county, shall be filled by ap-
pointment of the Governor; all other appointments shall
be made as may be prescribed by law.   *   *   *''

The election in 1912 was both a "regular election"
and the "next succeeding annual election," within the
meaning of these terms, as construed by the opinions of
this court. Presidential electors were voted for at this
election, and such are State officers. Todd v. Johnson, 99
Ky., 548; Donelan v. Bird, 118 Ky., 178.

From a consideration of the foregoing constitutional
provisions and the section of the act referred to, it is ap-
parent that the election which was held in 1912 was a
"regular election," and if, for more than three months
prior thereto a vancancy had existed in the office of
county judge, said vacancy was properly filled on said
date. But, it is pointed out that in this case the incum-
bent, Jones, was appointed, not more, but less, than
three months before the election, and he, therefore, holds
over. The error in this position is in assuming that, in
determining when the election shall be held, the time
must be computed from the date of the appointment of
the last incumbent of the office. This is clearly an erro-
neous position. The constitution says that the time must
be computed from the date upon which the vacancy arises.
In this case, it occurred when the act creating McCreary
County became a law on June 12, 1912, and that date
alone must be taken into account in determining when
the election must be held. When Goode was appointed in
June, he could hold only until the November election, and
his resignation in October and the appointment of a suc-
cessor could not change the conditions, for they were
fixed and determined when the vacancy occurred and re-
mained so, without regard to what changes were there-
after made in the incumbents of the office. This principle
was recognized in Shelley v. McCulloch, 97 Ky., 164,
where the court, having under consideration the meaning
of section 152 of the constitution, said:

"This language imports on its face the power of the
Chief Executive to fill vacancies in offices for the unex-
pired terms thereof, which we know he may fill only tem-
porarily and until the next succeeding annual election
after the happening of the vacancy.

"The power given is not to fill the vacancy, in the or-

dinary acceptation of these words, but to fill the appointive part thereof.''

In Hoke v. Richie, 18 Rep., 546, in response to the claim that the executive had the right to fill the office for the balance of the unexpired term, the court said:

''If the contention of appellant were to prevail, it would permit the appointing power to extend the terms of his appointees by causing them to resign on the last day of his own term of office and thereupon reappointing them for a new term of four years. We cannot believe that the legislature so intended.''

The prominent idea throughout those provisions of the constitution and statutes dealing with suffrage and election is, that the people shall choose their representatives in office, and when a vacancy occurs, these constitutional and statutory provisions can only be carried out by causing an election to be held as soon as practicable to fill such vacancy. This whole question was considered at length in Yates v. McDonald, 123 Ky., 596, when the court said:

''There is no more prominent and persistent idea in the present constitution than the purpose it evinces of having all constitutional offices filled by election by the people, and that as soon as it may be practicable to hold such election.''

A vacancy existed in the office of county judge, and, under the plain provision of the law, was to be filled at the November election, 1912. The petition alleges that appellee was a candidate before the people at said election as the nominee of the Republican party, and his name regularly and properly placed on the ballot to be voted for at said election. He received 525 votes, a substantial majority of all the votes cast in the race for county judge, and the commissioners of election, having canvassed the returns, issued to him a certificate of election. While a copy of the certificate is not filed, the demurrer to the petition admits that the vote was so canvassed and a certificate issued to him in accordance with the commissioners' finding.

In issuing a commission to one elected to office, the Governor acts in a ministerial capacity only. When the certificate of the canvassing board, or election commissioners for McCreary County was presented to him, showing that appellee had received the highest number of votes cast at said election for the office of County Judge, it was the duty of the Governor to issue to him a

commission. He could refuse to act only in the event the election was void.

"Fraud or irregularity in conducting an election, certifying the returns, or in the manner of canvassing the vote, ascertaining or certifying the result, cannot be made the subject of inquiry in an action for mandamus or mandatory injunction against the officers, committee or party authorities, charged by law with the duty of merely canvassing the vote and declaring the result. Such matters can be inquired into, but it must be done by contesting the election as provided by statute under which all primary elections that are held in this State must be conducted." Mason v. Byrley, 26 Rep., 487.

The foregoing excerpt is from an opinion in a primary election case, but the law applies wtih equal force to a regular election. The election was not void. Being a regular election and occurring more than three months after a vacancy had occurred in the office of County Judge, an election for the purpose of filling this office in McCreary County was properly and lawfully held at this time.

Lastly, it is insisted that no writ of election was issued, and that, in the absence of such writ, no election could properly be held. This proposition is not sound. Cooley on Constitutional Limitations (6th Ed.), 757, says:

"Where, however, both the time and the place of an election are prescribed by law, every voter has a right to take notice of the law, and deposit his ballot at the time and place appointed, notwithstanding the officer whose duty it is to give notice of the election has failed in that duty. The notice to be thus given is only additional to that which the statute itself gives, and is prescribed for the purpose of greater publicity, but the right to hold the election comes from the statute, and not from the official notice. It has, therefore, been frequently held that when a vacancy exists in an office, which the law requires shall be filled at the next general election, the time and place of which are fixed, and that notice of the general election shall also specify the vacancy to be filled, an election at that time and place to fill the vacancy will be valid, notwithstanding the notice is not given."

This principle has been approved by this court in the following cases: Berry v. McCullough, 94 Ky., 247;

Sterritt v. McAdams, 99 Ky., 37; Board of Trustees, &c., v. Maysville, 97 Ky., 145. The law requiring the vacancy to be filled at the next regular election, which was the November election, 1912, the same being the time fixed by statute for the election of Presidential electors, State officers, no writ or election was required.

We are of opinion that the trial court properly held that appellee was entitled to the relief sought.

Judgment affirmed.