### Brandenburg, et al. v. Daugherty, et al.

(Decided March 7, 1922.)

#### Appeal from Lee Circuit Court.

1. Elections— Special Elections—Notice.—The rule that where the Constitution or statute fixes the time for holding an election to fill a vacancy, failure to give notice of the election required by law will not invalidate the election, does not apply where the time and place for holding an election are to be fixed by some authority named in the statute after the happening of a condition precedent, and the statute not only provides for notice, but declares that the question shall not be submitted unless notice thereof be published as required by the statute.

2. Elections—Special Elections—Stock Running at Large—Statutory Notice of Election Mandatory.—Section 4647, Kentucky Statutes, requiring that the question whether stock should be permitted to run at large shall not be submitted unless notice thereof be published twenty days before the election, etc., is mandatory, and a failure to give such notice will render the election void.

3. Elections—Special Elections—Stock Law Elections—Notice—Sufficiency.—The publication of the petition for a stock law election is not a sufficient notice under the statute.

C. C. TURNER, E. E. HOGG and H. M. McGUIRE for appellants.

J. F. SUTTON and H. T. BEATTY for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On August 13, 1919, Arch Snowden and twenty-nine other voters of the Proctor magisterial district of Lee county filed their petition in the county court, asking that

there be submited at the next regular election held in such district, in not less than sixty days after the petition was filed, the question whether cattle or any species thereof should be permitted to run at large in such district. On September 8, 1919, an order was entered, calling the election and directing the sheriff to advertise the election by publishing a certified copy of the order in some weekly or daily newspaper published in the county. No notice of the election was thereafter published, but it does appear that a copy of the petition was published in the Beattyville Enterprise on August 22nd and 29th and on September 5th and 12th, 1919. The election took place at the next regular election, and the proposition to make it unlawful for cattle to run at large was carried by a vote of 86 to 85. Thereafter, R. L. Daugherty and others, citizens, taxpayers and voters of the Proctor magisterial district, filed suit contesting the election. On final hearing the election was held invalid and the defendants appeal.

While the validity of the election is assailed on several grounds, the only question we deem it necessary to consider is whether the failure to give notice of the election rendered it invalid.

Section 4646, Kentucky Statutes, makes it the duty of the county court, upon the filing of the petition of twenty voters of any magisterial district, to direct the officers of election of such district to open a poll at the next regular election held in such district, in not less than sixty days after the filing of such petition, for the purpose of ascertaining the will of the voters of such district upon the question whether or not they wish cattle or any species thereof to run at large in said district. Section 4647, Kentucky Statutes, is as follows:

"No polls shall be opened unless the petitioners shall deposit with the county court, at the time the petition is filed, an amount sufficient, in the judgment of the court, to defray the expenses of the election upon this question, nor shall such question be submitted unless notice thereof be published twenty days before the election in at least four issues of the paper published in such county, if there be one, having the largest *bona fide* circulation in the county; if there is no paper published in the county, notice shall be given by posting notices thereof on the court house door, and in four other public places in each precinct in which the election is to be held."

It is ably and earnestly argued by counsel for appellants that as the statute made it the duty of the county

court to order the election to be held at the next general election occurring in not less than sixty days after the filing of the petition, and as the petition was filed more than sixty days prior to the regular November election, the case is one where the time and place for holding the election were fixed by law, and Berry v. McCullough, 94 Ky. 247, 22 S. W. 78, is controlling. In that case we held that where the Constitution or statute fixes the time for holding an election to fill a vacancy, failure to give notice of the election required by law will not invalidate the election, and the same doctrine has been announced in other cases; Sterritt v. McAdams, 99 Ky. 37, 34 S. W. 903; McCreary v. Williams, 153 Ky. 49, 154 S. W. 417; but that rule does not apply where the time and place for holding the election are to be fixed by some authority named in the statute after the happening of a condition precedent, and the statute not only provides for notice, but declares that the question shall not be submitted unless notice thereof be published as required by the statute. In such a case statutory provisions with reference to notice are considered mandatory, and failure to give notice will render the election void. Sterrett v. McAdams, *supra;* 20 C. J. 97; Roberts v. Murphy, 144 Ga. 177, 86 S. E. 545.

But it is insisted that the publication of the petition was a sufficient notice of the election. The argument is that as no particular form of notice was required by the statute, and the law made it the duty of the county court, upon the filing of the petition, to order the election to be held at the next November election, a duty which it might have been required to perform by mandamus, the publication of the petition brought home to the voters notice of the fact that the election would then be held. As the court may reject the petition on the ground that it is not signed by the requisite number of legal voters, or may decline to hold the election on the ground that it could not be legally held at the time applied for, or may fail in its duty to order the election even when the petition is proper, and no mandamus may be obtained, it does not necessarily follow that an election will be ordered in every instance where a petition has been filed. That being true, it seems to us that the notice itself should specify the time, place and purpose of the election, and should not make it the duty of the voters to ascertain these facts by a process of reasoning, which may or may not be sound, based on the presumption that the court will order an

election in every instance where a petition is filed. We therefore conclude that the publication of the petition was not a sufficient notice under the statute.

Judgment affirmed.