CASE 34—ACTION TO RECOVER THE OFFICE OF CIRCUIT JUDGE.—OCT. 17.

# Wilson v. Brown.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    AFFIRMED.

VOID ELECTION—FAILURE TO GIVE NOTICE OF ELECTION.

Held: 1. One who is in possession of an office under a valid appointment need not have his right determined by the contest board to entitle him to hold against one who claims the office under a void election.
2. An election for circuit judge was void where there was no notice of the election, and the voters were in ignorance that the office was to be filled, only 94 persons out of a total of about 12,000 voting, and those persons voting by means of slips stuck on the official ballots.

JOHN H. WILSON, FOR APPELLANT.

## AUTHORITIES CITED.

1. Notice of the time fixed by law for an election not necessary. Throop on Public Offices, sec. 150; McCrary on Elections, 2 ed., sec. 114, 118, 138;  Berry v. McCullough, 94 Ky., 247;  Cooley Const. Lim., 758-9;  Shelly v. McCollough, 17 Ky. Law Rep., 53;  Trustees of Augusta v. Maysville R. R. Co., 30 S. W. R. I.;  Smith v. Crutcher, 92 Ky., 587;  Sterrett v. McAdams, 99 Ky., 322-37; Hall v. Commonwealth, 94 Ky., 322;  Toney v. Harris, 85 Ky., 475;  Am. & Eng. Ency. of law, vol. 10, 2 ed., 625;  Am. & Eng. Ency. of law, vol. 6, 1 ed., p. 432, sec. 21;  Davis v. Best, 2 Iowa, 76.
2. Number of votes necessary to elect.    Cooley Const. Lim., 5 ed., 758, 759, 779, and cases cited therein;  Am. & Eng. Ency. of law, vol. 10, 2 ed., pp. 589, 625, 770, numerous authorities cited therein;  Rex v. Foxcraft, 2 Burr., 1017-21;  Montgomery Fiscal Court v. Trimble, 20 Ky. Law Rep., 827;  McNees v. McGill, 4 Ky. Rep., 632.
3. Time for filling vacancy.    Constitution, sec. 152;  Statutes, sec. 1522;  Eversole v. Brown;  Hall v. Commonwealth, 94 Ky., 322; Davis v. Best, 2 Iowa, 76;  Am. & Eng. Ency., vol. 6, p. 432, sec. 21;  Throop on Public Offices, sec. 308;  McCrary on Elections, sec. 138, 2 ed.

Wilson v. Brown.

4. Certificate of election conclusive. Newcum v. Kirtly, 13 B. M.,
   517; Batman v. Megowan, 1 Met., 538; Clark v. McKenzie, 7
   Bush, 523; Commonwealth v. Jones, 10 Bush, 725; Clark
   v. Rogers, 81 Ky., 43; Stine v. Berry, 96 Ky., 63; An-
   derson v. Likens, 20 Ky. Law Rep., 1004; Booe v. Kinner,
   20 Ky. Law Rep., 1343; Taylor v. Beckham, 21 Ky. Law Rep.,
   1774; State v. Jackson, 27 La. Ann., 541; Beebe v. Robin-
   son, 66; Thompson v. Holt, 491; Harris, Ex parte, 87, 52 Ala.;
   Plowman v. Thornton, 559; State v. Dodson, Nebraska, 31 N. W.
   R., 788; Parmenter v. State, 102, Ind., 90; Am. & Eng. Ency. of
   Law, secs. 6, 7 and 8, vol. 6, pp. 389-90, 1 ed.

D. W. SAUNDERS, Attorney for appellant.

POINTS AND AUTHORITIES.

1. When the time of holding an election to fill a vacancy is fixed by
   the Constitution, or the statute, no writ of election, no procla-
   mation of any officer is required to hold an election at the time
   so fixed; and an election so held is legal. November, 1899, was
   the time fixed by law to hold this election. Sec. 152, Constitu-
   tion; Smith v. Crutcher, 92 Ky., 586; Sterritt v. McAdams, 99
   Ky., 37; Commonwealth v. Hall, 94 Ky., 322.

2. The appointment of Judge Brown to fill the vacancy created by
   the death of Judge Clark, expired, by the terms of the Consti-
   tution, at the November election, 1899; Constitution, sec. 152;
   Sterritt v. McAdams, 99 Ky., 37; Boyd v. Land, 97 Ky., 379;
   Neeley v. McCollum, 21 Ky. Law Rep., 823; Eversole v. Brown,
   21 Ky. Law Rep., 925; Shelley v. McCullough, 97 Ky., 164; Todd
   v. Johnson, 99 Ky., 552.

3. When, at an election held at a time fixed by the Constitution to
   fill a vacancy, as in this case, the person voted for at such elec-
   tion receives his certificate of election by the regularly consti-
   tuted Board of State Canvassers, in which is recited the fact
   that such person has received the highest number of votes given
   for that office, as certified to the Secretary of State, and is there-
   fore duly and regularly elected for the term prescribed by the
   Constitution, it is conclusive, and the holder of the certificate
   is entitled to the possession of the office. Act of March 10, 1898,
   secs. 9, 10 and 12, supplement of Ky. Stats., p. 48; Stine v. Ber-
   ry, 96 Ky., 63; Patterson v. Miller, 2 Met., 497; Commonwealth
   v. Jones, 10 Bush, 743; Clark v. Rogers, 81 Ky., 47; Batman
   v. Megowan, 1 Met., 533; Newcomb v. Kirtley, 13 B. Mon., 517;
   Booe v. Kenner, 20 Ky. Law Rep., 1343; Rush v. Commonwealth,
   20 Ky. Law Rep., 775; Taylor v. Beckham, 21 Ky. Law Rep., 1774.

Wilson v. Brown.

CHAS. R. BROCK, ATTORNEY FOR APPELLEE, J. W. ALCORN AND J. A. CRAFT OF COUNSEL.

1  If an office be in fact, full, though by an irregular election which has not been adjudged illegal by the proper tribunal, the electors can not treat it as vacant, and proceed to fill it by a new election.

2. Under a law requiring a secret official ballot, furnished by public authority, it is illegal for an elector to cast his vote by pasting a slip of paper on the official ballot.

3. An election to fill a vacancy, held without a proclamation calling the same, is invalid, unless it appear that the people had actual notice thereof and acted thereon.

4. Notwithstanding the certificate of the canvassing board, courts have jurisdiction touching all claims to office, if, in law and fact, no election has been held.

5. It follows, that a certificate of election, when in fact, there has been no election, confers no right whatever, and the court will properly. take jurisdiction and so adjudge.

### CITATION OF AUTHORITIES.

Commonwealth v. Baxter, 35 Penn. Stat., 263; Com. of Ky., secs. 147 and 152; Ky. Stats., secs. 1446, 1453, 1461, 1462, 1464, 1465, 1471 and 1566; Fletcher v. Wall, 40 L. R. A., 618; Rollins v. McKinney, 57 S. W. Rep., 1027; Foster v. Scarff, 15 Ohio Stat., 532; Brightly's Leading Cases on Elections, 679; Bolton v. Good, 41 N. J. Law, 296; McCrary on Elections, secs. 177, 178, 179, 180, 183, 184 and 186; Cooley's Con. Lim., 6 ed., 775; Wood v. Bartling, 16 Kan., 109; State v. Goetz, 22 Wis., 363; People v. Hartwell, 12 Mich., 508; Sterrett v. McAdams, 99 Ky., 37; Eversole v. Brown, 21 Ky. Law Rep., 925; Broaddus v. Mason, 95 Ky., 421.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellant filed this suit to recover the office of circuit judge of the twenty-seventh judicial district. He alleged in his petition these facts: At the regular November election, 1897, A. H. Clark was elected judge of that district, and died after serving a few months of his term. Appellee, W. L. Brown, was thereupon appointed by the governor to fill the vacancy. The Governor also issued a proclamation ordering an election to be held at the following November election to fill the unexpired term. At that elec-

tion, in the fall of 1898, H. C. Eversole was elected, and duly commissioned and qualified.    After this, appellee claiming that Judge Eversole's election was void on the ground that a circuit judge could not constitutionally be elected that year, an agreed case was made to test the question.    This case was decided in the Fayette Circuit Court, October 31, 1899, in favor of appellee.    An appeal was taken from this judgment, and on November 11, 1899, it was affirmed by this court, holding that an election could not, under the Constitution, be held in the year 1898 to fill a vacancy in the office of circuit judge, and that Judge Eversole's election was void.

In the meantime, on November 7th, the annual election had been held, and, although no proclamation had been issued for an election to fill the vacancy at that time, appellant was voted for and received a majority of the votes cast for that office.    Returns were duly made, and in due time he received a certificate from the State Canvassing Board and a commission from the Governor, but appellee refused to surrender the office to him.    Appellee, by his answer to the petition, denied that an election was held to fill the vacancy in the office in November, 1899.    He also alleged these facts:    That no names were placed on the official ballots as candidates for this office, and there was nothing on the ballots to indicate that the office was to be filled at that election; that appellant made no public announcement of his candidacy, but a few hours before the polls were opened caused to be printed a number of pasters having on them the words, "For Circuit Judge, Twenty-seventh Judicial District of Kentucky, John H. Wilson;" that on the morning of the election he distributed these pasters among some  of the voters at the town of his residence, and, of more than 600 persons who voted there that day, only 94

Wilson v. Brown.

pasted these slips on their ballots; and that, of the 11,800 votes cast at that election in the district, appellant received only the 94 votes mentioned. Appellant demurred to the answer. The court, in a written opinion, held, in substance, the answer good, and carried back the demurrer to the petition, and sustained it to the petition. Appellant declining to plead further, his action was dismissed.

It is insisted for appellant, with great earnestness and ability, that the matters relied on by appellee to defeat the action can not be heard by the courts, but should have been presented to the board for trying contested elections. Appellant's right to the office depends upon the validity of the election. If the election was void, it conferred no rights. Appellee, being in possession of the office under a valid appointment, can not be required to surrender possession to appellant, if the election under which he claims was void; nor was he required to go before the contest board to determine this question. He has the right to hold the office until the vacancy is filled by a valid election. The certificate of the canvassing board and the commission of the Governor conferred on appellant no right to the office, if his election was void; for these were simply based on the face of the returns. When title to an office is claimed under an election or appointment, the courts must, of necessity, have jurisdiction to determine whether the election was void.

The only question, therefore, to be determined on this appeal, is whether the election in question was void. The rule is thus stated in McCrary, Elect. (4th Ed.), section 176: "It must be conceded by all, that time and place are of the substance of every election, while many provisions which appertain to the manner of conducting an election may be directory only. It does not, however, follow that formal

notice of the time and place of holding an election is always essential to its validity. Whether it is so or not depends upon the question whether the want of formal notice has resulted in depriving any portion of the electors of their rights." Again, the same learned author says (sections 179, 180): "It is doubtless perfectly true that where the election has been held at the proper time and the proper place, and the electors have had notice and have participated in it, the want of such notice as the law provides will not render it void. But if [it] appear that due notice has not been given, and that a portion of the electors have been thereby deprived of their right to vote, and particularly if the number thus deprived is sufficient to have changed the result if they had voted on one side or the other, in such case the election is clearly void. The general rule upon this subject is given by Judge Cooley as follows: 'Where, by the express provision of the statute, the election is to be held after proclamation or notice, announcing the time or the place, or both, and where no such proclamation has been made or notice given, the election is void. But, where both the time and the place of an election are prescribed by law, every voter has a right to take notice of the law, and to deposit his ballot at the time and place appointed, notwithstanding the officer whose duty it is to give notice of the election has failed in that duty. The right to hold the election in such a case is derived from the law, and not from the notice. And this rule will apply to an election to fill a vacancy, if the same occurs long enough before the election to have become generally notorious, and if it was in fact generally known.' " The same rule is, in effect, laid down in Mechem, Pub. Off. section 174, and in 10 Am. & Eng. Enc. Law (2d Ed.) p. 627, where a number of authorities are collected.

Wilson v. Brown.

·Under this rule, it seems clear to us the election of appellant must be held void on the facts stated in the answer. The Constitution requires the circuit judges to be elected by the people, and it contemplates that they shall have a fair opportunity to express their choice in the selection of this officer, in many respects the most important to. them of all the officers for whom they vote. It would be a manifest perversion of the Constitution to allow a man to. secure this office on the vote of 94 persons out of a total of something like 12,000, by means of pasters stuck on the original ballots, when there had been no proclamation for the election, and the voters were in ignorance that the office was to be filled. While all the facts set out in the answer do not appear from the petition, we think there is enough in it, taking its allegations against the pleader, to show an utter want of notice to the electors that this office was to be filled at that election. The Governor had called a special election in November, 1898, to fill this vacancy for the rest of the term. Judge Eversole, who was then elected, had qualified, and taken possession of the office. The agreed case between him and Judge Brown, to. determine the validity of his election, was decided in the Fayette Circuit Court within seven days before the election, and an appeal was immediately taken to this court, and was pending in this court and undetermined when the election was held. It does not appear from the petition that any notice of any kind was given, and from the facts stated the only reasonable inference is that none could have been given. The voters of the district could not have known or understood, under the circumstances, that an election to fill the vacancy in this office would be held at that time.

Judgment affirmed.

.Petition for rehearing filed by appellant and overruled.