CASE 43.—ACTION BY JOHN H. WILSON AGAINST WILLIAM
L. BROWN TO RECOVER THE OFFICE OF CIR-
CUIT JUDGE OF THE TWENTY-SEVENTH JU-
DICIAL DISTRICT.—October 17, 1900.

## Wilson v. Brown.

Appeal from Jefferson Circuit Court (Common
Pleas Division.)

Judgment for plaintiff, and defendant appeals.—
Affirmed.

1. Election—Void Election—Failure to Give Notice.—One who
   is in possession of an office under a valid appointment need
   not have his right determined by the contest board, to en-
   title him to hold against one who claims the office under
   a void election.
2. An election for circuit judge was void where there was no
   notice of the election, and the voters were in ignorance that
   the office was to be filled, only 94 persons out of a total
   of about 12,000 voting, and those persons voting by means
   of slips stuck on the official ballots.

D. W. SANDERS and JOHN H. WILSON for appellant.

CHAS. R. BROCK, J. W. ALCORN and J. A. CRAFT, for
appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirm-
ing.

Appellant filed this suit to recover the office of
circuit judge of the twenty-seventh judicial district.
He alleged in his petition these facts: At the reg-
ular November election, 1897, A. H. Clark was elect-
ed judge of that district, and died after serving a
few months of his term. Appellee, W. L. Brown,
was thereupon appointed by the Governor to fill the

vacancy. The Governor also issued a proclamation ordering an election to be held at the following November election to fill the unexpired term. At that election, in the fall of 1898, H. C. Eversole was elected and duly commissioned and qualified. After this appellee claiming that Judge Eversole's election was void on the ground that a circuit judge could not constitutionally be elected that year, an agreed case was made to test the question. This case was decided in the Fayette circuit court, October 31, 1899, in favor of appellee. An appeal was taken from this judgment, and on November 11, 1899, it was affirmed by this court, holding that an election could not, under the Constitution, be held in the year 1898 to fill a vacancy in the office of circuit judge, and that Judge Eversole's election was void. In the meantime, on November 7, the annual election had been held, and, although no proclamation had been issued for an election to fill the vacancy at that time, appellant was voted for and received a majority of the votes cast for that office. Returns were duly made, and in due time he received a certificate from the State canvassing board and a commission from the Governor. But appellee refused to surrender the office to him.

Appellee, by his answer to the petition, denied that an election was held to fill the vacancy in the office in November, 1899. He also alleged these facts: That no names were placed on the official ballots as candidates for this office, and there was nothing on the ballots to indicate that the office was to be filled at that election; that appellant made no public announcement of his candidacy, but a few hours before the polls were opened caused to be printed a number of pasters, having on them the words: "For

Circuit Judge, Twenty-seventh Judicial District of Kentucky, John H. Wilson;'' that on the morning of the election he distributed these pasters among some of the voters at the town of his residence, and of more than 600 persons who voted there that day, only 94 pasted these slips on their ballots; and that of the 11,800 votes cast at that election in the district appellant received only the 94 votes mentioned.

Appellant demurred to the answer; the court in a written opinion, held in substance the answer good, and carried back the demurrer to the petition and sustained it to the petition. Appellant declining to plead further, his action was dismissed.

It is insisted for appellant with great earnestness and ability that the matters relied on by appellee to defeat the action cannot be heard by the courts, but should have been presented to the board for trying contested elections. Appellant's right to the office depends upon the validity of the election. If the election was void, it conferred no rights. Appellee being in possession of the office under a valid appointment cannot be required to surrender possession to appellant if the election under which he claims was void; nor was he required to go before the contest board to determine this question. He has the right to hold the office until the vacancy is filled by a valid election. The certificate of the canvassing board and the commission of the Governor conferred on appellant no right to the office, if his election was void, for these were simply based on the face of the returns. When title to an office is claimed under an election or appointment, the courts must of necessity have jurisdiction to determine whether the election was void.

The only question, therefore, to be determined on this appeal is whether the election in question was void. · The rule is thus stated in McCreary on Elections, 4th Edition, section 176:

. "It must be conceded by all that time and place are of the substance of every election, while many provisions which appertain to the manner of conducting an election may be directory only. It does not, however, follow that formal notice of the time and place of holding an election is always essential to its validity. Whether it is so or not depends upon the question whether the want of formal notice has resulted in depriving any portion of the electors of their rights."

Again the same learned author says, sections 179-180:

"It is doubtless perfectly true that where the election has been held at the proper time and the proper place, and the electors have had notice and have participated in it, the want of such notice as the law provides will not render it void. But if (it) appear that due notice has not been given and that a portion of the electors have been thereby deprived of their right to vote, and particularly if the number thus deprived is sufficient to have changed the result if they had voted on one side or the other, in such a case the election is clearly void."

The general rule upon this subject is given by Judge Cooley as follows:

"Where by the express provisions of the statute, the election is to be held after proclamation, or notice, announcing the time or the place, or both, and where no such proclamation has been made, or notice given, the election is void. But where both the time and the place of an election are prescribed by

law, every voter has a right to take notice of the law, and to deposit his ballot at the time and place appointed, notwithstanding the officer whose duty it is to give notice of the election has failed in that duty. The right to hold the election in such a case is derived from the law, and not from the notice. And this rule will apply to an election to fill a vacancy, if the same occurs long enough before the election to have become generally notorious, and if it was in fact generally known.''

The same rule is in effect laid down in Mechem on Public Offices, section 174, and in the American and English Encyclopedia of Law, vol. 10, 2d edition, page 627, where a number of authorities are collected.

Under this rule, it seems clear to us the election of appellant must be held void on the facts stated in the answer. The Constitution requires the circuit judges to be elected by the people, and it contemplates that they shall have a fair opportunity to express their choice in the selection of this officer, in many respects the most important to them of all the officers for whom they vote. It would be a manifest perversion of the Constitution to allow a man to secure this office on the vote of 94 persons out of a total of something like 12,000; by means of pasters stuck on the original ballots when there had been no proclamation for the election, and the voters were in ignorance that the office was to be filled. While all the facts set out in the answer do not appear from the petition, we think there is enough in it, taking its allegations against the pleader, to show an utter want of notice to the electors that this office was to be filled at that election. The Governor had called a special election in November, 1898, to fill this vacancy for the rest of the term; Judge Eversole who

was then elected had qualified and taken possession of the office. The agreed case between him and Judge Brown to determine the validity of his election was decided in the Fayette circuit court within seven days before the election, and an appeal was immediately taken to this court and was pending in this court and undetermined when the election was held. It does not appear from the petition that any notice cf any kind was given, and from the facts stated the only reasonable inference is that none could have been given. The voters of the district could not have known or understood under the circumstances that an election to fill the vacancy in this office would be held at that time.

Judgment affirmed. Whole court sitting.