## Wooton v. Wheeler, et al.

(Decided June 13, 1912.)

### Appeal from Perry Circuit Court.

1. Pleading—Joinder of Actions.—An action against the County Board of Election Commissioners to compel them to canvass the returns and issue plaintiff a certificate of election cannot be joined with an action against the incumbent of an office to recover the office.

2. Election—County Attorney—Vacancy—Want of Notice—Ignorance of Voters—Void Election.—An election to fill a vacancy in the office of county attorney is void where there was no notice of the election, and the voters were in ignorance that the office was to be filled, and only seven persons in the entire county participated in the election, by writing on the ballot the name of the office and the name of the person they desired to vote for.

J. B. EVERSOLE, JNO. E. EVERSOLE, W. C. EVERSOLE and T. B. McGREGOR for appellant.

O'REAR & WILLIAMS, MILLER & WHEELER and WOOTEN & MORGAN for appellee Napier.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Appellant, Charles Wooton, brought this action against P. T. Wheeler, Frank Horn and Albert Williams, election commissioners of Perry county, and C. W. Napier, county attorney to compel the election commissioners to canvass the votes cast for county attorney at the regular November election in 1911, and to issue him a certificate of election, and also asked that he be declared duly elected to the office of county attorney at

the November election, 1911, and entitled to the office. Motion was made to require appellant to elect which one of the actions he would prosecute; the one for a mandamus against the election officers, or the one to recover the office in question, and this motion was sustained. Appellant elected to prosecute the action to recover the office. Thereupon a demurrer was interposed to the petition and sustained. From a judgment dismissing the petition this appeal is prosecuted.

It appears from the petition that appellee, C. W. Napier, was elected county attorney for Perry county at the regular November election, in 1909. On the first Monday in January, 1910, he qualified as such officer, and continued to discharge the duties of the office until August 27, 1910. On that day he was appointed deputy county court clerk of Perry county. He accepted the appointment, and thereupon took the oath of office and entered upon the discharge of the duties of that position. He continued to discharge the duties of deputy county court clerk until September 2, 1910, when he resigned that position and was, by order of court, discharged from further duties as such officer. It further appears that the Republican party failed to nominate a candidate for the office of county attorney of Perry county to be voted for at the November election, 1911, and that appellant, on the 9th day of September, 1911, filed a petition before the county court clerk of Perry county, signed by one hundred legal electors of Perry county, who were citizens and residents thereof, petitioning and requesting the county court clerk of Perry county to cause to be printed the name of appellant on the official ballot to be used at the regular November election, 1911, as a candidate of the Republican party for the office of county attorney. The petition stated that the petitioners were Republicans and gave their residences and postoffice addresses. It further stated that they desired to vote for appellant as county attorney to fill the vacancy in the office for the remainder of the term. This petition was filed with the county clerk not less than fifteen days and not more that sixty days next preceding the November election, 1911. It was further charged that the offices of county attorney and deputy county court clerk are incompatible, and that appellee, Napier, by his acceptance of the office of deputy county court clerk, vacated the office of county

attorney, and that because of this fact a vacancy existed in the office of county attorney. It is further alleged that the county court clerk through fraud and collusion between him and appellee, Napier, refused to place appellant's name on the official ballot, and that appellant did not learn of this fact until it was too late to institute proceedings against the county clerk requiring him to do so. It is further alleged that notwithstanding the fact that appellant's name was not placed on the ballot certain voters in certain precincts wrote upon the ballots appellant's name as a candidate for county attorney, and voted for him by placing a cross in the square opposite him name; but the officers of such precincts where said votes were received by appellant refused to count the votes, except in precinct No. 10, where he received seven votes, which were duly certified to the County Board of Election Commissioners. It is also alleged that the County Board of Election Commissioners failed and refused to canvass the votes so certified, and also failed and refused to issue to him a certificate of election to the office of county attorney.

As the petition alleged two separate causes of action, one against the members of the Board of Election Commissioners for a mandamus, and the other against appellee, Napier, to recover the office, and these causes of action do not affect all the parties alike, and are not of the kind which may be united under the Code, it follows that the trial court properly sustained the motion to elect.

We deem it unnecessary to pass on the questions whether or not the offices of county attorney and deputy county court clerk are incompatible, and whether appellee, Napier, by his acceptance of the office of deputy county court clerk, vacated the office of county attorney. Nor is it necessary to discuss the propriety of the county clerk's action in refusing to place appellant's name upon the ballot, or to consider many other questions discussed by counsel. In an action by one to recover an office, his legal right to the office must affirmatively appear; that is, he must make out his own case, and establish title to the office in himself. He has no right to appear for the State, by an action in his own name, show that the incumbent is holding an office to which he is not entitled, when he (the plaintiff) has no claim to it himself. Tillman v. Otter, 93 Ky., 600. That being true, the only question we need to consider is appellant's right to the office. It is admitted in the petition that the ballot did not desig-  .

nate the office of county attorney as one of the offices to be filled at the November election, 1911. Not only so, but the names of no candidates for that office were placed upon the ballots. It is not claimed that any notice of the election was given to the voters. It does not appear that appellant even announced his candidacy for the office, or that the voters had knowledge of the fact that an election was to be held to fill a vacancy in the office of county attorney. It appears from the returns made by the election officers to the County Board of Election Commissioners that appellant received only seven votes. These votes were cast by the voters writing appellant's name on the ballots and indicating that they voted for him for the office of county attorney. Perry county is a large county, and contains a number of voters. While it may be true that if due notice of an election be given, and the voters therefore have an opportunity to participate in the election, the fact that only a few persons did participate in the election will not invalidate the result; yet where, as in this case, there was no notice of any kind that the election would take place, and the voters were entirely ignorant of the fact that an election for county attorney was being held, and only seven voters out of all the voters in the county participated in the election, such an election is not an expression of the public will, and will not be permitted to stand. Such is the rule announced in Wilson v. Brown, 139 Ky., 397, where the facts were very similar to those involved in this case.

Judgment affirmed.