## Wilson v. Vanbeber, Judge, et al.

(Decided Dec. 12, 1933.)

MARTIN T. KELLY and N. R. PATTERSON for appellant.
J. H. TAYLOR and W. L. HAMMOND for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

Plaintiff, by petition in equity, sought to have the court compel the county judge to allow him to qualify as sheriff and to require G. C. Bailey to turn over to him the office, books, etc., a demurrer was sustained to his petition, it was dismissed, and he has appealed.

### The Petition

With meticulous elaboration the plaintiff set out in his petition the election and qualification of Henry Broughton as sheriff for the term 1930 to 1934; that Henry Broughton died December 14, 1931; that the county court appointed Mrs. M. E. Broughton to fill the vacancy; that, at the November election in 1932, Mrs.

Broughton and J. W. Ridings were candidates for the office; that in Broughton v. Ridings, 247 Ky. 722, 57 S. W. (2d) 672, it was held that there was no election; that, on March 6, 1933, Ridings resigned; that thereafter he was by the county court reappointed and permitted to qualify as sheriff; that upon October 23, 1933, the county court removed Ridings and appointed G. C. Bailey; that at the November election, 1933, the name of the plaintiff had been by proper steps placed on the ballot; that he received the most votes and the certificate of election; that he possesses the legal qualifications to hold the office of sheriff; that he offered to qualify and to execute bond, but the county court refused to allow him to do so.

## When Did Vacancy Occur?

For the plaintiff it is contended this vacancy occurred on March 6, 1933, when Ridings resigned and was reappointed, and for the defendants, it is argued this vacancy occurred October 23, 1933, when Ridings was removed. Both are wrong, this vacancy occurred December 14, 1931, when Henry Broughton died.

The county court then appointed as sheriff Mrs. M. E. Broughton, and as the unexpired term of Henry Broughton would not terminate at the next succeeding annual election, at which either city, town, county, district, or state officers were to be elected, to wit, the election to be held November 8, 1932, the vacancy should have been filled then. When that election came Mrs. Broughton and J. W. Ridings were candidates for the unexpired term. Ridings apparently received the most votes, the certificate of election was awarded to him, and he was inducted into office.

Mrs. Broughton filed a contest which reached this court, see Broughton v. Ridings, 247 Ky. 722, 57 S. W. (2d) 672; and it was held there had been no election, so Ridings found he was not the de jure sheriff, whereupon on March 6, 1933, he resigned whatever semblance of right he had to the office and was reappointed by the county court.

If Henry Broughton had lived until March 6, 1933, and then died, there would have then been a vacancy which the county court could have filled for the remainder of the term, but Henry Broughton having died December 31, the county court could not either then or on March 6, 1933, appoint for the remainder of the term.

There was an election at which this vacancy could have been filled, held on November 8, 1932; but as a result of irregularities it was held that there was no election, so there still remained a vacancy to be filled by the people, and as it happened that the election to be held on November 7, 1933, was one at which either city, town, county, district, or state officers were to be· elected, then it was permissible to fill this vacancy at that election.

The word "vacancy," as used in section 152 of the Ky. Const., has two meanings. So far as the power of the county court to fill it is concerned, a vacancy in the office of sheriff exists whenever, on account of death, resignation, removal, failure to qualify, or other cause, there is no de jure sheriff. So far as the power of the people to fill it by an election is concerned, a vacancy exists whenever the office is not occupied by some one elected by the people and the people may fill such a vacancy at any annual election at which either city, town, county, district, or state officers are to be elected, provided three months have intervened between the beginning of the vacancy and the election. In this case more than twenty months had so intervened.

### Writ of Election.

It is urged by the defendants that the election of the plaintiff is invalid because no writ of election had been issued by the county judge, but that is not necessary when the time of holding the election is fixed by law. See McCreary, Governor, v. Williams, 153 Ky. 49, 154 S. W. 417; Berry v. McCollough, 94 Ky. 247, 22 S. W. 78, 15 Ky. Law Rep. 117; Sterritt v. McAdams, 99 Ky. 37, 34 S. W. 903, 17 Ky. Law Rep. 1354; Board of Trustees of Augusta v. Maysville & B. S. R. Co.,·97 Ky. 145, 30 S. W. 1, 16 Ky. Law Rep. 890; and Shelley v. McCullough, 97 Ky. 164, 30 S. W. 193, 17 Ky. Law Rep. 53.

Wilson v. Brown, 139 Ky. 397, 58 S. W. 595; and Wooton v. Wheeler, 149 Ky. 62, 147 S. W. 914, are not authority to the contrary, as in those cases the names of the candidates had not been printed on the ballots.

The people are entitled to be served by officers of their own selection.

The petition stated a cause of action, the demurrer to it should have been overruled. The judgment is reversed, and the cause remanded for consistent proceedings.

The whole court sitting.