# Hester v. Robbins.

Oct. 6, 1942.

J. E. Warren for appellant.

L. R. Smith for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

At the regular election held in Graves county in November, 1937, for choosing county officers for the term beginning the first Monday in January, 1938, and extending to the first Monday in January, 1942, W. H. Wyman was elected county attorney. He qualified and discharged the duties of the office until his death on August 9, 1940. On August 12, 1940, Aubrey Hester was appointed to fill the vacancy. More than thirty days prior to the holding of the primary election in August, 1941, he filed an application to have his name placed on the ballot as a candidate for the Democratic nomination for the office of county attorney for the unexpired term. He also filed nomination papers for the succeeding 4-year term beginning the first Monday in January, 1942. Farland Robbins also filed his application to have his name placed on the ballot as a candidate for the Democratic nomination for the office both for the unexpired term and the succeeding full term. At the primary election held in

August, 1941, Robbins was nominated for the office of county attorney for both the unexpired term and the full term, and was elected for both terms at the general election held November 4, 1941. Thereupon Hester brought this action against Robbins asking that he be adjudged the rightful occupant of the office of county attorney for the remainder of the unexpired term or until the first Monday in January, 1942, and entitled to receive the fees and emoluments thereof, and that the defendant be enjoined from interfering with or molesting the plaintiff in his possession of the office. The defendant answered, setting up his eligibility and qualifications for the office and the facts heretofore stated, and asked that he be adjudged the lawful incumbent of the office for the unexpired term which extended from November 4, 1941, to the first Monday in January, 1942. A demurrer to the answer was overruled, and, the plaintiff having declined to plead further, it was adjudged that Farland Robbins was the duly elected county attorney for Graves county for the unexpired term of W. H. Wyman, deceased, and entitled to all fees, salaries, and commissions appertaining to the office and accruing after his qualification on November 6, 1941. The plaintiff's petition was dismissed, and he has appealed.

The solution of the problem turns on the construction of Section 152 of the Constitution, the pertinent part of which reads:

"Except as otherwise provided in this Constitution, vacancies in all elective offices shall be filled by election or appointment, as follows: If the unexpired term will end at the next succeeding annual election at which either city, town, county, district, or state officers are to be elected, the office shall be filled by appointment for the remainder of the term. If the unexpired term will not end at the next succeeding annual election at which either city, town, county, district or state officers are to be elected, and if three months intervene before said succeeding annual election at which either city, town, county, district, or state officers are to be elected, the office shall be filled by appointment until said election, and then said vacancy shall be filled by election for the remainder of the term. If three months do not intervene between the happening of said vacancy and the next succeeding election at which city, town, county,

district or state officers are to be elected, the office shall be filled by appointment until the second succeeding annual election at which city, town, county, district or state officers are to be elected; and then, if any part of the term remains unexpired, the office shall be filled by election until the regular time for the election of officers to fill said offices.''

Appellant, Hester, rests his claim to the office for the unexpired term on that part of Section 152 which provides that if the unexpired term will end at the next succeeding annual election at which either city, town, county, district, or state officers are to be elected, the office shall be filled by appointment for the remainder of the term, while appellee rests his claim on that part of the section which provides that if three months do not intervene between the happening of the vacancy and the next succeeding election at which city, town, county, district, or state officers are to be elected, the office shall be filled by appointment until the second succeeding annual election at which such officers are to be elected, and then if any part of the term remains unexpired the office shall be filled by election until the regular time for the election of officers to fill said offices. Appellant relies strongly upon Jordon v. Baker, 252 Ky. 40, 66 S. W. (2d) 84, 85, 93 A. L. R. 813, while both appellant and appellee cite and rely upon Wilson v. Vanbeber, 251 Ky. 735, 65 S. W. (2d) 1021. In the Baker case the court said:

''The office of sheriff of Knox county, for some cause not disclosed by the record, became vacant, and the appellee and plaintiff below, S. T. Jackson, was appointed and qualified to fill the vacancy. The vacancy, and Jackson's appointment to fill it, both occurred at a time requiring an election to fill the remaining portion of the term at the regular election held in November, 1933, if that election had not been one for the election of an incumbent of the office for the succeeding full term. Under such circumstances, the appointee (Jackson in this case) occupies the office to the end of the vacated term with all the incidents and rights thereto possessed by the one who was elected for that full term. See Constitution, sec. 152, and section 1522 of the 1930 edition of Carroll's Kentucky Statutes.''

This statement was unnecessary in the decision of the case, since the sole question involved was whether or

not S. T. Jackson could be denied possession of the tax books for the year 1933 because he had not received his quietus for the 1932 taxes collected by him between January 6, 1933, and July, 1933. His right to act as sheriff and tax collector subsequent to the regular November, 1933, election was not in issue. Neither the opinion nor the record discloses the date of the vacancy which Jackson was appointed to fill nor whether the vacancy occurred prior to or subsequent to the regular election held in November, 1932. Consequently, the quoted statement from the opinion, even if not dictum, is not authority for the claim that one appointed to fill a vacancy happening less than three months before the next succeeding election at which city, town, county, district, or state officers are to be elected shall serve beyond the second succeeding election at which such officers are to be elected, though we are of the opinion that the quoted excerpt is the correct interpretation of Section 152 of the Constitution under such a state of facts.

In the Vanbeber case, in which the decision was rendered three days before the decision in the Baker case, the validity of an election held to fill a vacancy in the office of sheriff for the remainder of the term extending from the day of the regular election in November, 1933, to the first Monday in January, 1934, was involved. The facts in that case were that Henry Broughton was elected to fill the office of sheriff of Bell county for the term beginning on the first Monday in January, 1930, and ending on the first Monday in January, 1934. Broughton died December 14, 1931, and the county court appointed Mrs. M. E. Broughton to fill the vacancy. At the annual election in November, 1932, Mrs. Broughton and J. W. Ridings were candidates for the office, and Ridings was declared elected. In a contest proceeding the election was invalidated. Broughton v. Ridings, 247 Ky. 722, 57 S. W. (2d) 672. On March 6, 1933, Ridings was again appointed by the county court to fill the vacancy, and on October 23, 1933, he was removed and G. C. Bailey was appointed. Camie Wilson caused his name to be placed upon the ballot as a candiate for sheriff for the unexpired term to be voted for at the November election, 1933. After the election he brought an action in which he sought to have the court to compel the county judge to allow him to qualify as sheriff and to require G. C. Bailey to turn over to him the office. The demurrer to his petition was sustained, and it was dismissed. On appeal to this court

it was held that it was permissible to fill the vacancy from the day of the November election in 1933 to the first Monday in January, 1934, at the regular November election at which officers were to be elected for the next four years, and that Wilson was entitled to the office for the two-month period although he was elected for that short term at the regular annual election at which county officers were to be elected for the full 4-year term beginning the first Monday in January, 1934. It was held in the Vanbeber case that the vacancy occurred on December 14, 1931, and an election to fill the vacancy was properly held in November, 1932, but since that election was invalidated it was permissible to fill the vacancy at the regular November, 1933, election.

While the facts in the case before us are somewhat different from the facts in the Vanbeber case, the implication of the opinion in that case was that a vacancy occurring at any time and not filled at the next general election for any cause, including the fact that it may have occurred less than three months before such election, may be filled at the next annual election at which city, town, county, district, or state officers are to be elected even though that election is also the regular annual election at which the officer is to be elected for the succeeding full term and only two months of the unexpired term remain: We think in this respect the opinion is unsound.

Section 152 of the Constitution when read as a whole, evinces an intention on the part of the framers to disperse with the necessity of holding an election to fill a vacancy in an office where the unexpired part of the term is limited to the short period of time between the day of the annual November election and the first Monday in January of the succeeding year. The first division of the section provides that if the unexpired term will end at the next succeeding annual election at which either city, town, county, district, or state officers are to be elected, the office shall be filled by appointment for the remainder of the term. The framers of the Constitution used the phrase ''if the unexpired term will end at the first succeeding annual election'' with the knowledge that the regular term of no office ended on an election day. Section 148 of the Constitution provides that ''all elections of state, county, city, town, or district officers shall be held on the first Tuesday after the first Monday in November,'' and Section 99 provides that county officers

shall hold their officers four years from the first Monday in January after their election. When all of these sections are read together it is obvious that the reference in Section 152 to the ending of a term of office at the next succeeding annual election means the ending of the term as fixed by Section 99 of the Constitution, which is the first Monday in January after the regular November election at which the occupant of the office for the next regular 4-year term has been elected. In the third division of Section 152, upon which appellee relies, the phrase "if any part of the term remains unexpired" was clearly used in this sense since it is immediately followed by this: "The office shall be filled by election until the regular time for the election of officers to fill said offices." There was no regular time for the election of officers to fill county offices, including the office of county attorney, after the November election in November, 1941, as all county officers were elected at that election for the next 4-year term beginning the first Monday in January, 1942. It was meant that a vacancy should be filled at an election other than the election to fill the office for the next full term.

In so far as the opinion in Wilson v. Vanbeber is in conflict with the views herein expressed, it is overruled, but inasmuch as appellee was bound by that opinion and relied upon it and was elected to fill the unexpired term and qualified on November 6, 1941, and performed the duties of the office until the beginning of the next term on the first Monday in January, 1942, we are of the opinion that he should not be deprived of the salary and fees received by him when he was acting in good faith in conformity with the interpretation of Section 152 of the Constitution in a former opinion of this court. 14 Am. Jur., Courts, secs. 128, 130; Payne v. City of Covington, 276 Ky. 380, 123 S. W. (2d) 1045, 122 A. L. R. 321.

Wherefore the judgment is affirmed.

Whole Court sitting.