## KASH v. DAY et al.

Court of Appeals of Kentucky.

May 15, 1951.

Rehearing Denied June 22, 1951.

Smith, Reed & Leary, Frankfort, Nickell & Keck, West Liberty, for appellant.

Williams & Allen and Bach & Bach, all of Jackson, for appellees.

CULLEN, Commissioner.

In a declaratory judgment action, against Mrs. Orville Day and four members of the Wolfe County Board of Education, plaintiff E. T. Kash sought judgment: (1) Declaring plaintiff to be a lawful member of the Wolfe County Board of Education; (2) declaring Mrs. Day to have no right to the office of member of the board of education and enjoining her from exercising any of the duties of the office; and (3) enjoining the defendant members of the board of education from interfering with the plaintiff in the exercise of his duties as a member of the board.

A general demurrer to the petition was sustained, and the plaintiff declining to plead further, judgment was entered dismissing the action. From this judgment plaintiff appeals.

For the purposes of this opinion, the facts will be taken from the petition.

At the regular November election in 1948, one Robert Robinson was elected to the office of member of the Wolfe County Board of Education, for the term commencing on the first Monday in January, 1949. On January 6, 1949, the Attorney General commenced an action in the Wolfe Circuit Court under section 483 of the Civil Code of Practice, to oust Robinson from the office, on the ground that, at the time of his election, he was interested in the sale of services to the board of education, in violation of KRS 160.180(1) (e), and therefore was not eligible for the office. On April 16, 1949, judgment was entered by the circuit court in the ouster action, adjudging that Robinson was eligible for and entitled to hold the office. An appeal was taken to this Court, and on December 12, 1950, this Court handed down its opinion holding that Robinson was not eligible for the office and directing that judgment be entered ousting him from the office. On December 16, 1950, the Wolfe County Board of Education appointed E. T. Kash to fill the vacancy in Robinson's position. On January 2, 1951, two new members of the board of education, elected in the November 1950 election, took office, and they, joining with one of the holdover members, refused to recognize the appointment of Kash and undertook to recognize Robinson as continuing to be a member of the board. In the meantime a petition for rehearing was filed in the Robinson case, and on February 9, 1951, the petition was overruled and the mandate was issued upon the opinion of December 12. On the same day, Robinson submitted his resignation as a member of the board of education, and the other members of the board voted to accept the resignation and proceeded to appoint Mrs. Orville Day to fill the alleged vacancy resulting from the resignation.

The foregoing facts were adequately pleaded by Kash in his petition.

In arguing that his petition stated a cause of action, the appellant contends, first, that because Robinson never was eligible for the office, a vacancy in the office occurred on January 3, 1949 (the day his term of office was to begin), and that the board of education was not required to await a judicial declaration of the existence of the vacancy before proceeding to fill the vacancy by appointment. Failing this contention, the appellant maintains that in any event a judicial declaration of the existence of the vacancy was made the day this Court handed down its opinion in the Robinson case, and that the board was not required to postpone filling the vacancy until the mandate was issued.

It seems beyond question that a vacancy in Robinson's office occurred on January 3, 1949, because Robinson was not qualified to take and hold the office. The vacancy was not a corporal one, since Robinson undertook to occupy the office under a claim of title, and did physically occupy the office, but there was a vacancy in the eyes of the law.

The rule as to existence of a vacancy was stated in Hermann v. Lampe, 175 Ky. 109, 194 S.W. 122, 127, as follows: "An office is vacant in contemplation of law whenever it is not held by one who is legally qualified to do so, and who has a right to continue therein." This rule was recognized in Wilson v. Vanbeber, 251 Ky. 735, 65 S.W.2d 1021, 1022, where the court said: "So far as the power of the county court to fill it is concerned, a vacancy in the office of sheriff exists whenever, on account of death, resignation, removal, failure to qualify, or other cause, there is no de jure sheriff."

In 42 Am.Jur., Public Officers, Section 131, page 976, the rule is stated as follows: "The word 'vacancy,' as applied to a public office, has no technical meaning, and it is not to be taken in a strict technical sense in every case. It may be said that an office is vacant when it is empty and without an incumbent who has a right to exercise its functions and take its fees or emoluments, even though the vacancy is not a corporal one. Accordingly, an office is not vacant so long as it is supplied in the manner provided by the Constitution or law with an incumbent who is legally

qualified to exercise the powers and perform the duties which pertain to it; and, conversely, it is vacant in the eye of the law whenever it is unoccupied by a legally qualified incumbent who has a lawful right to continue therein until the happening of some future event."

The decision of this Court in the Robinson case was a decision that Robinson should be ousted from the physical occupancy of the office of member of the board of education, because he never was eligible to hold the office. This decision did not *create* a vacancy, but only directed that Robinson be *ousted* because there *existed* a vacancy, in law, in the position he was occupying. which vacancy occurred on the day the term began.

There having been a vacancy in the position occupied by Robinson, since January 3, 1949, the question then arises· as to the power of the board of education to fill that vacancy.

Under KRS 160.190, any vacancy in a board of education may be filled by the remaining members of the board within 90 days after the vacancy occurs. If not so filled within that time, the power to fill the vacancy passes to the State Board of Education. The Wolfe County Board of Education did not fill the vacancy in Robinson's position within 90 days after it occurred, and it thereafter had no power to fill the vacancy.

Whether the board of education had power to fill the vacancy before the existence of the vacancy had been judicially determined, is not necessary for us to decide. Certainly, a serious question might exist as to whether the board could fill the vacancy while there was pending in the courts an action by the Attorney General to oust the incumbent, in which action there was in issue the question of whether a vacancy did in fact exist. It is obvious that vacancies from some causes, such as death or resignation, could be filled by the board of education without a judicial determination of the existence of the vacancy first having been made. If it should be assumed that as to vacancies arising from other causes, a judicial declaration is a prerequisite to the filling of the vacancy by the board of education, nevertheless it must be remembered that KRS 160.190 makes no distinction between vacancies, but in every case limits the board's power to fill the vacancy to the period of 90 days after the vacancy occurs.

Since the vacancy in Robinson's position occurred the day the term of office commenced, it will be apparent that it makes no difference in this case whether the *ouster* of Robinson as the result of the decision of this Court in the Robinson case became effective the day the opinion of this Court was handed down, or not until the lower court entered a judgment pursuant to the mandate issued from this Court. The limitation period on the authority of the board of education to fill the vacancy began to run the day the vacancy occurred, and not the day the ouster became effective.

A necessary conclusion from what we have said is that the Wolfe County Board of Education not only had no authority to appoint the appellant Kash on December 16, 1950, but had no authority to appoint the appellee Mrs. Day on February 9, 1951. However, this case is at issue on a demurrer to the petition, and the sole question is whether the petition states a cause of action. The plaintiff is not entitled to a determination of the rights of Mrs. Day unless he first establishes his own right to the office in question, since he can prevail only upon the strength of his own claim, and not upon the weakness of the claim of his adversary. Wilson v. Tye, 126 Ky. 34, 102 S.W. 856; Tillman v. Otter, 93 Ky. 600, 20 S.W. 1036, 29 L.R.A. 110. The petition does not establish the plaintiff's right to the office. Therefore, a judicial determination of the rights of Mrs. Day cannot be made in this action.

We are of the opinion that the demurrer to the petition properly was sustained. Wherefore, the judgment is affirmed.